Judge Birch
delivered the opinion of the court.
A fieri facias in favor of the plaintiff having been levied upon a horse worth about sixty dollars, a bureau worth about twenty-five, and a bed worth about seven dollars, the whole was claimed by the defendant in error, and on a final trial of the right of property by a sheriff’s jury, the horse was found to be subject to the execution, and the balance exempt. The sheriff having adjudged the costs against the claimant, the court, on the motion, so retaxed them as to devolve the payment of all (except the small portion incurred by a continuance at the instance of the claimant) upon the plaintiff in execution, who, having excepted, is also plaintiff here.
Passing by the question not raised by the record, whether, is cases like the present, the sheriff has any authority at all, or, if he have, whether it was not intended by the statute that his judgment as to costs, like the verdict of the jury as. to the property itself, should he final *549 and conclusive, we are not disposed to interfere with a discretion which the record contains no evidence to impugn, hut rather to support..
The statute is somewhat ambiguous, hut taking the 21st and 23d sections of the act together, and acting upon the statute alone, we would have adjudged the costs in this case as the sheriff did, even without any of the special circumstances with which the officer who witnesses the trial of a cause is presumed to he most familiar, and which,, therefore, may very properly enter into his decision.
The claimant not having recovered even the major portion of the-property concerning which he demanded a trial, and which resulted in a heavy hill of costs, we are unable to perceive upon what principle of justice he would, he entitled to inflict costs upon another for prosecuting that heavier portion of his claim adjudged to be unfounded ; and the-sheriff having no authority to divide the costs, as at common law, and; there being no motion to that effect in the court below, we feel that we-cannot do better than to treat it-as a case in which that officer was as-well (?r. better qualified to approximate the point of justice between the-parties than either the circuit court; or this court. There being, therefore, no question made as to the transcension of this authority, and no-abuse of it being apparent from the record, the judgment of the circuit court is. reversed.